995 F.2d 1067
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jerry MANESS, and wife; Patty Maness, Plaintiffs-Appellants,
v.
Jack FOWLER, individually and in his capacity as Sheriff of
Henderson County, Tennessee; Henderson County,
Tennessee, Defendants-Appellees.
 No. 92-5717.
 United States Court of Appeals, Sixth Circuit.
 March 9, 1993.
 
 1
 Before KEITH and BATCHELDER, Circuit Judges, and TAYLOR, District Judge.*
 
 ORDER
 
 2
 Jerry Maness and Patty Maness, husband and wife, appeal pro se from the district court judgment following a bench trial in this civil rights action under 42 U.S.C. § 1983, which found that they had been subjected to an illegal search, but awarded only nominal damages of one dollar. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Mr. and Mrs. Maness sought monetary damages in this action alleging that the sheriff and the county had violated their right to be free from unreasonable search and seizure, and had deprived them of their property without due process. After a bench trial, the district court determined that the complaint against the county should be dismissed, that the due process complaint was meritless, and that the sheriff had subjected the plaintiffs to an unreasonable search. However, it was also concluded that the plaintiffs had not shown any actual damages arising from the search, and were therefore entitled to only nominal damages.
 
 
 4
 On appeal, Mr. and Mrs. Maness complain that the district court judge was biased against them, and erred in allowing the county to file an untimely answer to the complaint. They also allege that they should have been awarded damages for the property that was damaged or never returned to them. The first two arguments were not raised in the district court and therefore are not properly before the court. See Chandler v. Jones, 813 F.2d 773, 777 (6th Cir.1987). Moreover, the arguments are meritless.
 
 
 5
 Review of the record also shows that the district court was correct in finding that no actual damages had been shown. The seized property that Mr. and Mrs. Maness established ownership of was the subject of a state court settlement agreement in which they released the sheriff's department from responsibility in exchange for a return of the property. Any claims that this settlement agreement was violated can be raised in the state court. Mr. and Mrs. Maness failed to establish ownership of the remainder of the property. Under these circumstances, nominal damages were appropriate. See Carey v. Piphus, 435 U.S. 247, 266 (1978); Franklin v. Aycock, 795 F.2d 1253, 1264-65 (6th Cir.1986). Some of the arguments as to damages raised in the appellate brief, like the arguments of bias and untimely filing of the answer, were not raised in the district court and need not be considered here.
 
 
 6
 Furthermore, the due process claim was properly dismissed because state remedies are adequate to redress the alleged harm, cf. Smith v. Rose, 760 F.2d 102, 106 (6th Cir.1985), and the complaint against the county was properly dismissed due to the absence of evidence that the deprivation of rights resulted from any custom or policy of the county. See Pembaur v. City of Cincinnati, 475 U.S. 469, 477-81 (1986); Johnson v. Hardin County, 908 F.2d 1280, 1286 (6th Cir.1990).
 
 
 7
 Accordingly, the district court's judgment is affirmed in all respects. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Anna Diggs Taylor, U.S. District Judge for the Eastern District of Michigan, sitting by designation